# IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| CHLOE SAYLOR,[1] | § | |
| | § | No. 277, 2019 |
| Respondent Below, | § | |
| Appellant, | § | |
| | § | Court Below—Family Court |
| v. | § | of the State of Delaware |
| | § | |
| ROSE AIRHART, | § | File No. CK-18-02379 |
| | § | Petition No. 18-24052 |
| Petitioner Below, | § | |
| Appellee. | § | |

Submitted: February 7, 2020
Decided: March 26, 2020

Before **SEITZ**, Chief Justice; **VALIHURA**, and **MONTGOMERY-REEVES**, Justices.

## ORDER

(1) After careful consideration of the parties' briefs and the record on appeal, it appears to the Court that the judgment of the Family Court should be affirmed on the basis of and for the reasons stated in its order dated June 4, 2019. Although the appellant ("Mother") made significant progress on several aspects of her case plan, the Family Court did not err by concluding that Mother had not adequately addressed her mental health issues, resulting in the infant Child's remaining in the care of the Division of Services for Children, Youth, and Their

---

[1] The Court previously assigned pseudonyms to the parties under Supreme Court Rule 7(d).

Families ("DSCYF") for approximately nineteen months at the time of the guardianship hearing,[2] and that each of the requirements for a permanent guardianship was established by clear and convincing evidence, as required by the statute.[3]

(2)     Several of Mother's arguments on appeal relate to a DSCYF employee's testimony at the preliminary protective hearing that Mother's parental rights with respect to one of her other children had been terminated. That testimony was incorrect because Mother's four older children had been placed in permanent guardianships and her parental rights had not been terminated with respect to any of them. But the testimony was corrected at the next hearing, and the Family Court took judicial notice of numerous prior decisions involving Mother and her other children. The Family Court's judgment that is the subject of this appeal does not reflect that the court incorrectly believed that Mother had previously had parental rights terminated, but rather reflects that the court considered—as it was authorized

---

[2] *See* 13 *Del. C.* § 2353(a) (setting forth requirements for permanent guardianship, including establishment of a basis for termination of parental rights as set forth in 13 *Del. C.* § 1103(a)); 13 *Del. C.* § 1103(a)(5)a (providing that parental rights may be terminated if a parent has failed to plan adequately for the child's physical needs or mental and emotional health and development, and (1) the child has been in the care of DSCYF for a period of one year or, in the case of an infant, for a period of six months, or (2) there is a history of neglect, abuse, or lack of care of the child or other children by the parent).
[3] 13 *Del. C.* § 2353(a).

by the statute to do[4]— that Mother's four older children were in the permanent guardianship of relatives. Thus, we find no reversible error on this issue.

(3) Mother's claims on appeal regarding testimony about a housing voucher also do not provide a basis for reversal. The Family Court's order and the transcript of the guardianship hearing reflect that the court was satisfied with Mother's housing situation and did not base the guardianship award on a concern about lack of appropriate housing. Because the housing issue was immaterial to the decision, there was no reversible error relating to this issue.[5]

(4) Mother's claim that her counsel's ineffectiveness led to the granting of the petition for permanent guardianship is not supported by the record and does not provide a basis for reversal.[6] Mother seems to argue that the case centered on an allegedly incorrect diagnosis of delusional disorder in 2012, which her counsel "made no attempts to address." But the record reflects that the Family Court was presented with substantial evidence about the diagnoses and recommendations for treatment made by mental health service providers between 2017 and 2019, as well as Mother's sporadic compliance during that period.

---

[4] 13 *Del. C.* § 1103(a)(5)a.2.
[5] *See Peeta v. Blank*, 2019 WL 1253825, at *3 (Del. Mar. 15, 2019) (affirming guardianship order where issues raised on appeal were not material to the Family Court's decision).
[6] *See id.* (rejecting claim of ineffective assistance of counsel in appeal from guardianship order).

(5)     Finally, Mother's remaining arguments on appeal either were not presented to the Family Court in the first instance[7] or turn on the credibility of the witnesses appearing before the trial court.[8]

NOW, THEREFORE, IT IS ORDERED that the judgment of the Family Court is AFFIRMED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Chief Justice

---

[7] *See* DEL. SUPR. CT. R. 8 ("Only questions fairly presented to the trial court may be presented for review . . . .").

[8] *See Shimel v. Shimel*, 2019 WL 2142066, at *2 (Del. May 14, 2019) ("When the determination of facts turns on a question of the credibility and the acceptance or rejection of the testimony of witnesses appearing before the trier of fact, we will not substitute our opinion for that of the trier of fact.").